IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN CARLOS TORRENTE-LEYVA,

       Plaintiff

       v.

CAPITOL SECURITY POLICE, INC.,

       Defendant

CIVIL NO. 10-1550 (JP)

## OPINION AND ORDER

Before the Court is Defendant Capitol Security Police, Inc.'s ("Capitol Security") motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction (**Docket No. 10**) and Plaintiff's opposition. (Docket No. 15.) On June 17, 2010, Plaintiff Juan Carlos Torrente-Leyva's ("Plaintiff") brought the instant action *pro se* against Defendant Capitol Security alleging discrimination on the basis of physical and mental disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* For the reasons stated herein, the Court **DENIES** Defendant's motion to dismiss.

## I.  PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff is seventy years old, and for three years was employed as a security guard by Defendant Capitol Security. (Pl.'s Compl. ¶¶ 4, 10.) According to Plaintiff, on March 25, 2008, he returned from his vacation, and avers that he was told by Defendant that it no

CIVIL NO. 10-1550(JP)            -2-

longer needed his services. People had observed that Plaintiff would fall asleep at times while he was working. (Id. ¶ 9.) Plaintiff alleges that Capitol Security could have provided him with a reasonable accommodation, such as a position that would not give him allergies and with a different level of activity, but it failed to do so. (Id.)

Plaintiff alleges that he has recovered from cancer although he still has respiratory difficulties and other health conditions such that his "present clinical state is considered [sic] 'catastrophic'." (Id. ¶ 4.) Plaintiff alleges that he suffers from "pancitopenia" that leads to a deficiency in the transportation of oxygen to the brain and other parts of the body. (Id.) He also alleges that he suffers from chronic "obstructive pulmonary disease," "enfisema [sic] pulmonary," and gastric system disorders, among other ailments. (Id. ¶¶ 6, 7.) He avers that because of these ailments he has difficulty breathing and has momentary loss of knowledge because of the lack of oxygen to his brain. (Id. ¶¶ 8, 9.) These ailments affect his work, his home life, and his ability to maintain a conversation and to operate a computer. (Id.)

Plaintiff brought this suit seeking economic damages and damages for his emotional and mental health and the suffering of his family.

CIVIL NO. 10-1550(JP)          -3-

II.   **LEGAL STANDARD FOR A RULE 12(b)(1) MOTION**

Federal courts are courts of limited jurisdiction. Destek Group v. State of New Hampshire Public Utilities Commission, 318 F.3d 32, 38 (1st Cir. 2003). The party claiming there is jurisdiction carries the burden of showing that the court has jurisdiction. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

Motions brought under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) are subject to a similar standard as FRCP 12(b)(6) motions. Torres Maysonet v. Drillex, S.E., 229 F. Supp. 2d 105, 107 (D.P.R. 2002). A court must "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992); see also Torres Maysonet, 229 F. Supp. 2d at 107.

This Court construes *pro se* pleadings liberally in favor of the *pro se* party. Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990). The Supreme Court has held that the allegations of a *pro se* complaint, "however inartfully pleaded should be held to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

CIVIL NO. 10-1550(JP)            -4-

III.  **ANALYSIS**

Defendant moves to dismiss Plaintiff's ADA claim on the ground that Plaintiff failed to exhaust his administrative remedies. Defendant also argues that, even assuming Plaintiff exhausted his administrative remedies, Plaintiff did not timely file his complaint in federal court. We will examine each argument in turn.

   A.    **Exhaustion of Administrative Remedies**

Under Title I of the ADA, "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges."  42 U.S.C. § 12111(a).  For purposes of the ADA, discrimination includes the failure to make a "reasonable accommodation" for the disability of an otherwise qualified individual, unless the accommodation "would impose an undue hardship" on the employer. Id. § 12112(b)(5)(A).

"The ADA incorporates the procedures and enforcement mechanisms of Title VII[.]" Soileau v. Guilford of Maine, Inc., 105 F.3d 12, 16 (1st Cir. 1997).  Pursuant to Title VII, a Plaintiff is required to exhaust his or her administrative remedies, such as timely filing a complaint with the Equal Employment Opportunity Commission ("EEOC"), prior to suing in federal court. Uphoff Figueroa v. Alejandro, 597

CIVIL NO. 10-1550(JP)                -5-

F.3d 423, 431 (1st Cir. 2010); <u>Frederique-Alexandre v. Dep't of Natural & Envtl. Res.</u>, 478 F.3d 433, 440 (1st Cir. 2007). Courts have treated this timely charge requirement as a condition precedent to bringing suit before a federal court. <u>See</u> <u>Babrocky v. Jewel Food Co.</u>, 773 F.2d 857, 862 (7th Cir. 1985). Compliance with the timely charge requirement before the EEOC is not, however, a jurisdictional prerequisite to filing a Title VII suit. <u>See</u> <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 393 (1982). Rather, it is in the nature of a "requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." <u>Id.</u> Thus, Defendant's 12(b)(1) motion will be treated as a motion under 12(b)(6).

As to the EEOC charge, Defendant does not dispute that Plaintiff filed a complaint with the Puerto Rico Anti Discrimination Unit ("ADU") on March 19, 2009. Instead, Defendant argues that Plaintiff only filed a complaint for a claim pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* and not as to his ADA claim because Plaintiff does not specifically mention the ADA. Defendant appended to its motion to dismiss Plaintiff's discrimination charge filed with the ADU. (Docket No. 23-1.) Although consideration of a Rule 12(b)(6) motion to dismiss is generally limited to the facts stated on the face of the complaint, a court may also consider documents appended to the complaint, documents incorporated by reference, and matters of which judicial notice may

CIVIL NO. 10-1550(JP)            -6-

be taken. <u>Maldonado-Cordero v. AT & T</u>, 73 F. Supp. 2d 177, 185 (D.P.R. 1999); <u>see also</u>, <u>Beddall v. State Street Bank and Trust Co.</u>, 137 F.3d 12, 17 (1st Cir. 1998). Plaintiff's EEOC charge may be considered either as a matter referenced in the complaint or as a public record subject to judicial notice. <u>See</u> <u>Mack v. South Bay Beer Distributors, Inc.</u>, 798 F.2d 1279, 1282 (9th Cir. 1986) (holding that a court may take judicial notice of records and reports of administrative bodies without converting a motion to dismiss into one for summary judgment), *overruled on other grounds* by <u>Astoria Fed. Sav. & Loan Ass'n v. Solimino</u>, 501 U.S. 104 (1991); <u>Dixon v. Philadelphia Housing Authority</u>, 43 F. Supp. 2d 543, 545 (E.D.Pa. 1999) (holding that a court may consider an EEOC charge without converting Rule 12(b)(6) motion into motion for summary judgment); <u>Nickens v. New York State Dept. of Correctional Servs.</u>, 1996 WL 148479, *1 (E.D.N.Y. March 27, 1996) (holding that a court may take judicial notice of EEOC filings); <u>Gallo v. Board of Regents of Univ. of Cal.</u>, 916 F. Supp. 1005, 1007 (S.D.Cal. 1995) (holding that a court may consider EEOC charge and right-to-sue letter in deciding a motion to dismiss either as a matter attached to the complaint or as records subject to judicial notice). As such, the Court will consider Plaintiff's EEOC charge in deciding Defendant's motion to dismiss.

CIVIL NO. 10-1550(JP)                -7-

     The First Circuit has stated that "the scope of a civil complaint is ... limited by the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of that charge." Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996)(quoting Powers v. Grinnell Corp., 915 F.2d 34, 38 (1st Cir. 1990)(internal quotation marks omitted)). The purpose of the prerequisite of filing an administrative charge prior to filing in federal court "is to provide the employer with prompt notice of the claim and to create an opportunity for early conciliation." Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996). "That purpose would be frustrated if the employee were permitted to allege one thing in the administrative charge and later allege something entirely different in a subsequent civil action." Id. However, "[t]he exact wording of the charge of discrimination need not presage with literary exactitude the judicial pleadings which may follow." White v. New Hampshire Dep't of Corr., 221 F.3d 254, 263 (1st Cir. 2000) (explaining that "the critical question is whether the claims set forth in the civil complaint come within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination").

     In the charge filed with the ADU *pro se*, Plaintiff checks the box for discrimination on the basis of "impediment/disability" and avers that he is a person with several physical disabilities and

CIVIL NO. 10-1550(JP)              -8-

that he is a highly qualified person in spite of those physical disabilities. (Docket No. 23-2). He also alleges that he has not received a "reasonable accommodation." (Id.) Construing Plaintiff's *pro se* pleadings liberally, we conclude that these allegations provide Defendant with sufficient notice that Plaintiff intended to claim that Defendant discriminated against him because of his alleged disabilities and that Defendant allegedly failed to provide him with a reasonable accommodation.[1] See Lattimore, 99 F.3d at 464.

Defendant also argues that Plaintiff failed to present any allegations that he filed his complaint within ninety days of receiving a notice of right to sue. After the charge is filed, a plaintiff must bring suit within ninety days of obtaining an EEOC right to sue letter. See 42 U.S.C § 2000e-5(f)(1). As to the notice of right to sue letter, the record shows that the EEOC mailed Plaintiff a notice of right to sue letter on March 25, 2010. (Docket No. 30.) Plaintiff filed this suit on June 17, 2010 – within the 90-day limitations period.

Accordingly, the Court denies Defendant's motion to dismiss on

---

[1] Although Plaintiff vaguely refers to claims under the FMLA and state laws in his opposition, Plaintiff has not stated claims for alleged violations of the FMLA or state laws in his complaint nor has he requested leave from this Court to amend his complaint under Rule 15 of the Federal Rules of Civil Procedure. This Court will not entertain any attempts to amend the complaint by adding underdeveloped claims in a response to a motion to dismiss. See Rodriguez v. Doral Mort. Corp., 57 F.3d 1168, 1171 (1st Cir. 1995) (warning that courts "must always exhibit awareness of the defendant's inalienable right to know in advance the nature of the cause of action being asserted against him").

CIVIL NO. 10-1550(JP)            -9-

the ground that Plaintiff did not exhaust his administrative remedies.

**B.    Timeliness of Plaintiff's Claim**

In the alternative, Defendant argues that Plaintiff failed to file his complaint within 300 days of the alleged unlawful employment practice. Title VII provides that the administrative charge "shall be filed" with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred," or within 300 days if "the person aggrieved has initially instituted proceedings with [an authorized] State or local agency." 42 U.S.C. § 2000e-5(e); see Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999)(holding that "the ADA mandates compliance with the administrative procedures specified in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e").

Defendant argues that Plaintiff did not file his EEOC charge within the 300-day limitations period because Plaintiff's complaint avers that he was terminated from his employment on March 25, 2008 and he filed his charge on March 19, 2009, more than 300 days from the alleged adverse employment action. In his opposition, Plaintiff states that the correct date of his termination is June 25, 2008.[2]

---

[2] In support of this, Plaintiff provides a letter from Defendant dated June 13, 2008 (Docket No. 24-3) stating that on June 9, 2008 Plaintiff was offered several job positions with a schedule of his choice and was requested to provide medical certificates to support his alleged medical condition. The exact date of his termination was not provided in the documents submitted by Plaintiff.

CIVIL NO. 10-1550(JP)                    -10-

Defendant does not respond to Plaintiff's averment. Taking
Plaintiff's averment as true that he was terminated on June 25,
2008, and viewing the facts in the light most favorable to
Plaintiff, Plaintiff has presented at least a factual question as to
whether he was terminated on June 25, 2008, and as to whether his
complaint was filed within 300 days of the alleged adverse
employment action.

**IV.   CONCLUSION AND SETTLEMENT CONFERENCE ORDER**

For the reasons stated herein, the Court hereby **DENIES**
Defendant's motion to dismiss the complaint.

Notwithstanding the above, we believe this case is an excellent
candidate for settlement and, to that effect, a Settlement
Conference shall be held on **December 9, 2011, at 1:30 P.M.** Parties
to appear with authority to settle.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of November, 2011.

S/JOSE ANTONIO FUSTE
JOSÉ ANTONIO FUSTÉ
UNITED STATES DISTRICT JUDGE