IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN CARLOS TORRENTE-LEYVA,

     Plaintiff

     v.

CAPITOL SECURITY POLICE, INC.,

     Defendant

CIVIL NO. 10-1550 (JAF/JP)

### ORDER

Before the Court is Defendant Capitol Security Police, Inc.'s ("Capitol Security") motion for reconsideration of this Court's opinion and order. (**Docket No. 33.**) For the reasons herein, Defendant's motion is **GRANTED.**

Defendant previously moved to dismiss Plaintiff's claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, on the ground that, among other things, Plaintiff failed to file his charge with the Puerto Rico Anti-Discrimination Unit ("ADU") within the 300 day limitations period provided in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Defendant argues that, while Plaintiff argued that the correct date of his termination was in June 2008 and not March 25, 2008, in Plaintiff's ADU complaint, he identified March 25, 2008 as the date of the adverse action. Moreover, Defendant argues that this Court should take notice of the fact that prior to filing this complaint, on April 23, 2010,

CIVIL NO. 10-1550(JAF/JP)        -2-

Plaintiff filed another complaint against Defendant based on the same cause of action but asserting a claim under the Family Medical Care and Leave Act ("FMLA"), 29 U.S.C. § 2615, and, in that complaint, Plaintiff alleged that he was terminated on March 25, 2008. (Docket No. 33-4.) In that case, Case No. 3:10-cv-1340(SEC), Judge Salvador E. Casellas entered an opinion on January 18, 2011, dismissing Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff failed to state an FMLA claim and because Plaintiff did not file within the limitations period. (Id.) After considering Defendant's arguments in its motion for reconsideration, the Court agrees with Defendant that in determining whether Plaintiff filed this complaint within the limitations period, the date March 25, 2008 should be controlling. As such, because Plaintiff filed his ADU charge on March 19, 2009, he failed to file within the 300 day limitations period.

We note that Defendant waited almost a year to bring the case that was before Judge Casellas to our attention. Considering the limited time and resources of all parties involved, including this Court, Defendant should have considered filing a motion to consolidate the cases or a motion to dismiss on the basis of *res judicata*.[1]

---

[1] Federal claim preclusion law bars a plaintiff from litigating claims in a subsequent action that could have been, but were not, litigated in an earlier suit. Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010). "To

CIVIL NO. 10-1550(JAF/JP)        -3-

In conclusion, we dismiss Plaintiff's claim against Defendant for failure to file within the limitations period. The Court will enter a final judgment dismissing Plaintiff's complaint with prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of December, 2011.

s/José Antonio Fusté
JOSÉ ANTONIO FUSTÉ
UNITED STATES DISTRICT JUDGE

---

preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation of attending multiple lawsuits, conserves judicial resources and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 154 (1979). Instead, Defendant now moves the Court for leave to file a motion to dismiss on the ground that Plaintiff's allegations are insufficient to state an ADA claim. (**Docket No. 34.**) In light of this order, we **FIND AS MOOT** Defendant's motion.